```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                              **NOT FOR PUBLICATION**
YEFIM GERSHBERG,
                                                              **MEMORANDUM AND ORDER**
                                                              18-CV-1980 (LDH) (SMG)
                        Plaintiff,

                -against-

BOARD OF DIRECTORS OF NOSTRAND
GARDENS COOPERATIVE INC. and MICHAEL
AIZIN,

                        Defendants.
-------------------------------------------------------------x
```
LASHANN DEARCY HALL, United States District Judge:

Plaintiff Yefim Gershberg[1] brings this pro se action against Defendants Board of Directors of Nostrand Gardens Cooperative (the "Cooperative") and Michael Aizin, alleging that Defendants violated unspecified laws by refusing to accept his partial payment on his overdue account. For the reasons set forth below, the complaint is dismissed for lack of subject matter jurisdiction.

## **BACKGROUND**[2]

Plaintiff's account with the Cooperative has an outstanding balance of $11,394.68. (Compl. at 8, ECF No. 8.) Plaintiff attempted to make partial payments on February 7 and February 24, 2018, but the Cooperative rejected each. (*Id.*) In a letter dated February 28, 2018, Defendant Michael Aizin, attorney for the Cooperative, provided Plaintiff with "another notice …not to tender any patrial payments" because "they will be rejected and returned to you." (*Id.*)

---

[1] Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is hereby granted for the limited purpose of this order.

The letter also informed Plaintiff that the matter was being forward to "the Landlord Tenant attorney for further action." (*Id*.) Plaintiff claims that Defendants' failure to accept his partial payments was "against the law of the United States." (*Id*. at 4, 7.)

## STANDARD OF REVIEW

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Where, as here, the plaintiff is proceeding pro se, "courts are obliged to construe the plaintiff's pleadings liberally." *Giannone v. Bank of Am., N.A.*, 812 F. Supp. 2d 216, 219 (E.D.N.Y. 2011) (alterations omitted). As such, their complaints should be read to "raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is

---

[2] The following facts are taken from the Amended Complaint and are assumed to be true for purposes of deciding the instant motion.

satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005). If the court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). This applies with equal force to pro se plaintiffs. *Chestnut v. Wells Fargo Bank, N.A.*, No. 11-cv-5369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking."). Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331, or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Here, Plaintiff states that this action presents a federal question.[3] (Compl. at 4.) However, construing Plaintiff's claims liberally, as the Court must, Plaintiff's claims are not premised on a violation of any federal constitutional or statutory right. It is well-settled that "federal courts do not have subject matter jurisdiction over state eviction actions or other landlord-tenant matters." *Haynie v. New York Hous. Auth.*, No. 14-CV-5633, 2015 WL 502229, at *2 (E.D.N.Y. Feb. 5, 2015) (collecting cases.)

---

[3] Though not pleaded, Plaintiff cannot establish subject matter jurisdiction under diversity of citizenship because the amount in controversy does not exceed $75,000 and all parties are citizens of the same state. *See* 28 U.S.C. § 1332.

# CONCLUSION

For the aforementioned reasons, Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. The complaint is dismissed with prejudice, as repleading would be futile. *See Roth v. CitiMortgage Inc.*, 756 F.3d 178, 183 (2d Cir. 2014) ("Leave to amend need not be granted where the proposed amendment would be futile."). The Clerk of Court is directed to enter judgment dismissing the action. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.

SO ORDERED

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
September 17, 2018